UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACCUTECH SYSTEMS CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-03917-SEB-DML |
| ) | |
| BAR HARBOR BANK & TRUST, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| BAR HARBOR TRUST SERVICES, ) | |
| BAR HARBOR BANK & TRUST, ) | |
| CHARTER TRUST COMPANY, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| ACCUTECH SYSTEMS CORP., ) | |
| ) | |
| Counter Defendants. ) | |

**ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS**

Now before the Court is Plaintiff/Counter-Defendant Accutech Systems Corp.'s ("Accutech") Motion to Dismiss, filed on October 17, 2019, pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 72]. For the reasons set forth herein, Accutech's Motion to Dismiss is **granted.**

1

## Discussion

A brief review of the procedural history of this litigation leading up to this point will be helpful in understanding and resolving the pending motion before the Court.

Accutech initiated this lawsuit against Defendant Bar Harbor Bank & Trust on November 19, 2018, alleging breach of contract.[1] Bar Harbor Bank & Trust moved to dismiss Accutech's breach of contract claim on December 14, 2018, pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 17]. On December 21, 2018, Bar Harbor Bank & Trust, joined by Bar Harbor Trust Services and Charter Trust Company, filed a Counterclaim against Accutech alleging breach of contract as well as "intentional misrepresentation/fraud." [Dkt. 21]. Accutech moved to dismiss the Counterclaim against it on February 7, 2019, [Dkt. 39], which we granted on July 29, 2019 relative to the claim for intentional misrepresentation/fraud [Dkt. 58]. On August 12, 2019, Accutech answered the Counterclaim and asserted a reciprocal Counterclaim for breach of contract against Bar Harbor Trust Services and Charter Trust, which tracked the allegations in its original Complaint against Bar Harbor Bank & Trust. [Dkt. 59].

On August 20, 2019, we granted Bar Harbor Bank & Trust's motion to dismiss Accutech's breach of contract claim against it. [Dkt. 60]. Following that ruling, Bar Harbor Trust Services and Charter Trust moved to dismiss the breach of contract Counterclaim against them on the grounds that it was identical to the claim against Bar Harbor Bank & Trust, which we had just ruled legally insufficient in our August 20, 2019

---

[1] Bar Harbor Bank & Trust removed the matter on December 12, 2018, invoking our diversity jurisdiction. [Dkt. 1].

Order. [Dkt. 63]. While this motion to dismiss was pending, Accutech filed its Amended Complaint, repleading in greater detail its claim for breach of contract against each of its adversaries–Bar Harbor Bank & Trust, Bar Harbor Trust Services, and Charter Trust (collectively, "Defendants/Counter-Plaintiffs"). [Dkt. 65]. Accordingly, the pending motion to dismiss was denied as moot. [Dkt. 75].

These events prompted Defendants/Counter-Plaintiffs to file a renewed Answer to Accutech's Amended Complaint for breach of contract. [Dkt. 67]. In their renewed Answer, Defendants/Counter-Plaintiffs have reasserted their Counterclaim against Accutech for breach of contract. Additionally, Defendants/Counter-Plaintiffs have repled their claim for intentional misrepresentation/fraud, which we previously dismissed on July 29, 2019. This renewed intentional misrepresentation/fraud claim is an identical recapitulation of the previous version, which we determined to be legally insufficient. It should be no surprise, then, that Accutech has again requested dismissal of the claim for all of the reasons articulated in our July 29, 2019, dismissal Order.

Defendants/Counter-Plaintiffs oppose the Motion to Dismiss primarily on the basis that they believe it was necessary to replead the deficient claim in order "to preserve their rights on appeal and to refute any argument that they are waiving a compulsory counterclaim for intentional misrepresentation/fraud." Defendants/Counter-Plaintiffs' purported need to replead the counterclaim for preservation purposes may seem reasonable to that extent, but it still does not provide grounds on which Plaintiffs can avoid dismissal of this poorly pled claim.

3

Defendants/Counter-Plaintiffs also assert that a recent Indiana Court of Appeals decision "lends further support" to the sufficiency of its original claim for intentional misrepresentation/fraud. Attempting to imbed new caselaw into their prior arguments in this fashion is not the proper means by which to obtain reconsideration of our dismissal Order. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (stating that a motion for reconsideration allows the Court to review its decision where there has been a controlling or significant change in the law).

Accordingly, Defendants/Counter-Plaintiffs' claim for intentional misrepresentation/fraud is (again) dismissed for the reasons explicated in our July 29, 2019 Order.

## **CONCLUSION**

Plaintiff/Counter-Defendant's Motion to Dismiss [Dkt. 72] is **granted.**

IT IS SO ORDERED.

Date: 5/22/2020

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

William J. Barkimer
KRIEG DEVAULT LLP
wbarkimer@kdlegal.com

Libby Yin Goodknight
KRIEG DEVAULT LLP (Indianapolis)
lgoodknight@kdlegal.com

Scott Alan Kreider
ALERDING CASTOR LLP
skreider@alerdingcastor.com

Jeffrey T. Piampiano
DRUMMOND WOODSUM
jpiampiano@dwmlaw.com

Julia G. Pitney
DRUMMOND WOODSUM
jpitney@dwmlaw.com